UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AIMEE L. SPALDING                                                                Plaintiff

v.                                                               Civil Action No. 3:24-cv-714-RGJ

FRANK BISIGNANO                                                                Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Plaintiff Aimee L. Spalding ("Spalding") filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act. [DE 21]. Defendant Frank Bisignano, Commissioner of Social Security (the "Commissioner"), did not oppose the motion. [DE 23]. Spalding also filed notice of the unopposed motion. [DE 24]. This matter is ripe. For the following reasons, the motion is **GRANTED**.

**I.        BACKGROUND**

The Court previously entered judgment for Spalding, reversed the Commissioner's decision, and remanded the disability benefits case to the Commissioner for further processing. [DE 18]. Approximately two months later, Spalding filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). [DE 19]. The Commissioner did not oppose the motion. [*Id.* at 3949]. The Court awarded Spalding attorney's fees under the EAJA for an amount of $8,200 and costs of $405.00. [DE 20 at 3978]. Now, Spalding moves pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees. [DE 21 at 3979]. Spalding states that "25% of the past due benefits would be $18,086.00" but "[i]nstead of seeking payment of the full 25% of past due benefits sought (namely, $18,086.00), counsel will seek a net payment of only $9,886.00" to set off the fees already

1

awarded pursuant to the EAJA. [*Id.*]. The Commissioner neither supports not opposes the motion. [DE 23 at 4021].

## II.    STANDARD

42 U.S.C. § 406(b)(1)(A) allows a court that rendered a judgment favorable to a social security claimant under 42 U.S.C. §§ 401-434 to award as part of its judgment "a reasonable fee" to that claimant's counsel "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "[T]he statute's allowance of 'a reasonable fee' permits contingency fees, but 'calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.'" *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting in part *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). A contingency fee agreement that complies with § 406(b)'s 25% cap is accorded a rebuttable presumption of reasonableness. *Id.* (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)).

Despite this presumption, a court may appropriately make deductions though those "[d]eductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 643 (6th Cir. 2025) (quoting *Rodriquez*, 865 F.2d at 746). This Court has distilled a four-step approach to § 406(b) requests:

> First, the court should acknowledge the contingency fee arrangement and Section 406(b)'s 25% ceiling on attorneys' fees. Second, the court should consider "the effective hourly rate 'as one relevant factor in determining the reasonableness' of the contingency fee." The hypothetical hourly rate is calculated by dividing the contingency fee amount (generally 25% of the past-due benefits award) by the number of hours reportedly worked. Third, the court may consider other factors,

2

such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." Fourth, the court must then, in its discretion, determine if counsel carried its burden of demonstrating the contingency fee was reasonable.

*Lewis v. Kijakazi*, No. 1:19-CV-00183-GNS-LLK, 2023 WL 395793, at *2 (W.D. Ky. Jan. 25, 2023) (quoting *Candelaria v. Comm'r of Soc. Sec.*, No. 5:17-CV-00016-GNS-LLK, 2020 WL 4728773, at *5 (W.D. Ky. Aug. 14, 2020)).

The relevant standard rate is the EAJA rate for the Western District of Kentucky, which is statutorily capped at $125.00 per hour.

### III.    ANALYSIS

Spalding and her counsel, David F. Chermol ("Chermol") entered into a presumptively reasonable contingency fee agreement for no more than 25% of any past-due benefits recovered for work in federal court. The past-due benefits for Spalding ultimately totaled $72,3440. [DE 21 at 3979]. 25% of the past due benefits would be $18,086.00. [*Id.*]. Here, however, Spalding only seeks to recover $9,886.00 as the Court already awarded EAJA fees of $8,200.00 [DE 20 at 3978]. In Spalding's motion, Chermol provided an affidavit that described his 43.5 hours working on the matter. [DE 21-3 at 4003]. This creates an effective hourly rate of approximately $416.[1]

The hypothetical hourly rate requested is more than double the standard EAJA rate in Louisville. *See Carter v. Saul*, No. 4:15-CV-00058-HBB, 2019 WL 4169895, at *6 (W.D. Ky. Sept. 3, 2019). Although this rate is not *per se* reasonable, it "may well be reasonable." *Lasley,* 771 F.3d at 309. Counsel must demonstrate that his experience warrants such an award. *Id.* As a benchmark, this Court has authorized fees upward of $600.00 per hour for experienced counsel. *See Cynthia Louise W. v. Comm'r of Soc Sec.,* 2025 WL 3125510, at *2 (W.D. Ky. Apr. 15, 2025)

---

[1] $18,086 (25% of the past-due benefits awarded) divided by 43.5 hours reportedly worked equals approximately $416. *See Lewis*, 2023 WL 395793, at *2.

(authorizing a rate of $635.00 per hour); *Campbell v. Comm'r of Soc. Sec.,* 819 F. Supp. 3d 693, 698 (W.D. Ky. 2026) (authorizing a rate of $687.00 per hour).

To support his request for fees, Spalding's motion and Chermol's affidavit provide information on his background and experience. Chermol is a "nationally recognized leading disability attorney with over 25 years of experience." [DE 21 at 3982]. Chermol "was an attorney for Social Security for more than 10 years" and also served as a "Special Assistant United States Attorney." [DE 21-3 at 3997]. He was also recognized as the "National Association of Disability Representatives Member of the Year." [*Id.* at 3998]. Chermol has "consistently presented continuing legal education training to other disability attorneys regarding Social Security disability matters, especially federal court appeals." [*Id.*]. Also, Chermol has been awarded 406(b) fees in other instances with this Court, and elsewhere. *See Campbell,* 819 F. Supp. 3d at 702; *see generally, Newlin v. Kijakazi,* 2022 WL 950981 (S.D.N.Y. Mar. 30, 2022). Thus, Chermol has demonstrated that his $416.00 hourly rate is likely reasonable. *See Campbell,* 819 F. Supp. 3d at 698.

Other factors also support that an hourly rate of $416.00 is reasonable. Chermol filed the 406(b) motion timely and Social Security did not oppose the motion. *Lewis*, 2023 WL 395793, at *2; [DE 23 at 4021 ("Defendant neither supports not opposes counsel's request for attorney's fees.")]. And lastly, the Court may consider the results and complexity of the matter. *Id.* Here, Chermol received "an exceptionally successful result" for Spalding. [DE 21 at 3980]. Chermol's efforts resulted in a remand of the matter for further administrative proceedings, and subsequently, an award for benefits. [*Id.*]. This Court has held that similar results justify a higher EAJA rate. *See, e.g., McKinney v. Bisignano,* 2025 WL 3298083, *4 (holding that similar facts "speak to the expertise of the practitioners as well as the complexity of Plaintiff's case").

Based on these considerations, the Court "determines that the requested fee is reasonable." *Cynthia Louise W.,* 2025 WL 3125510, at *2 (citing *Lasley,* 771 F.3d at 309).

### IV.    CONCLUSION

For these reasons, **IT IS ORDERED** that Spalding's motion for attorney fees pursuant to 42 U.S.C. § 406(b) is **GRANTED**. The Commissioner shall pay Spalding a net fee of $9,886.00 in attorney's fees.

Rebecca Grady Jennings, District Judge
United States District Court

June 18, 2026

5